# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **FASHUN OU** | * | **CIVIL ACTION NO. 06-0102** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by *pro se* Petitioner Fashun Ou ("Ou") on January 13, 2006. For reasons stated below, it is recommended that Ou's petition be **DISMISSED without prejudice.**

## BACKGROUND

Ou is a native and citizen of the Peoples Republic of China. He entered the United States in 1986. In May 2004 petitioner was convicted of a crime and sentenced to serve 24 months in prison. Upon his release, he was taken into custody by the United States Bureau of Immigration and Customs Enforcement ("ICE"). Ou alleges he is being unlawfully detained by ICE. Ou was taken into ICE custody in July 2005. Ou alleges that he was subject to a final order of removal in August 2005 and his continued detention, in excess of six months after the issuance of the final order of removal, is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In response to Ou's petition (Doc. #8); the Government provided the Declaration of Deportation Officer Jim D. Thorp stating that Ou's final order of removal was issued on December 6, 2005, and that therefore Ou has not been detained for six months since his final order of removal was issued. Ou responded (Doc. #9) by providing documentation which appears to show that a final order of removal was issued prior to August 2005. Ou has provided an "ICE Detention & Removal Operations Atlanta Field Office" worksheet that was signed by a Case Officer on August 4, 2005, stating that a deportation order had previously been issued and

the Government was waiting on travel documents. Ou also submitted a "Decision to Continue Detention" signed and dated by John A. Mata on October 7, 2005, stating that Ou would not be released pending deportation and that the Consulate of The People's Republic of China was in the process of issuing his travel document.

The undersigned ordered the Government to respond to Ou's allegations (Doc. #10). The Government responded and provided documentation that Ou's final removal order was issued on December 6, 2005 (Doc. #11).

An immigration judge denied Ou's applications for asylum and withholding and suspension of deportation on November 23, 1998. Ou appealed the immigration judge's decision, which was affirmed by the Board of Immigration Appeals ("BIA") on March 14, 2003. On July 7, 2003, the BIA granted Ou's motion to reopen his proceedings based on his claim that he was now eligible to adjust status and become a legal resident of the United States. On August 27, 2003, the immigration court terminated Ou's deportation proceedings so Ou could pursue his application for adjustment of status. On May 18, 2004, Ou was convicted of several criminal violations relating to encouraging aliens to remain in the United States illegally. Ou received a 24-month sentence. Based on his conviction, Ou was served with a notice for administrative removal on November 30, 2005. Ou's Final Administrative Removal Order was issued on December 6, 2005.

Terry Bird, chief counsel for the ICE Atlanta Field Office, speculated as to the discrepancies alleged in the dates provided by Ou. Mr. Bird stated that a deportation officer may have requested a travel document for Ou in August 2005 based on Ou's previous deportation proceedings. Mr. Bird stated that according to notes placed in their system in November 2005, there was no copy of the immigration judge's order or the BIA motion to reopen order in the file. Mr. Bird speculated that the prior deportation officer may not have been aware that the BIA had

reopened the deportation proceedings and that the immigration court had terminated those proceedings. Regardless of the reasons, it is clear from the documentation provided by the Government that Ou's removal order became final on December 6, 2005.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

When Ou filed his *habeas* petition, he had not been detained beyond the presumptive six-month period. At the present time, the presumptive six-month period has just expired; however, Ou has presented no evidence to support a claim that he will not be removed in the reasonably foreseeable future. In addition, the Government contends that ICE is actively seeking a travel document and that China has not refused to issue a travel document for Ou. Therefore, it is reasonable to believe that Ou will be removed in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Thus, it is recommended that Ou's petition be **DISMISSED without**

**prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE